UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| OPTIMUM TECHNOLOGIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | 3:05MC45-MU |
| v. ) | |
| ) | Miscellaneous Docket No: |
| HENKEL CONSUMER ADHESIVES, ) | SUBPOENA IN A CIVIL CASE |
| INC. AND HENKEL CORPORATION, ) | |
| ) | Case No. 1:04-CV-1082-TWT |
| Defendants. ) | United States District Court |
| ) | Northern District of Georgia |

PROTECTIVE ORDER WITH NON-PARTY
LOWE'S COMPANIES, INC. FOR PROTECTION OF
CONFIDENTIAL INFORMATION SUBPOENAED BY PLAINTIFF

Subject to the approval of this Court, Lowe's Companies, Inc. ("Lowe's") hereby moves for the entry of the following protective order:

1. This Protective Order shall apply to all information, documents and things produced by Lowe's to Optimum in response to the Subpoena Duces Tecum, which are believed to contain confidential information.

2. Definitions

    (a) The term CONFIDENTIAL means confidential or proprietary documents, things or information (e.g., technical, scientific, financial or business information) designated as such by the disclosing Party.

    (b) The term ATTORNEYS' EYES ONLY, means especially sensitive CONFIDENTIAL documents, things or information so designated by the disclosing Party. The designation ATTORNEYS' EYES ONLY may be used for documents which

CLT01/4685871v4

counsel in good faith believes to be of such confidential nature to warrant such protection.

3. Lowe's shall designate documents and things produced by it deemed as CONFIDENTIAL with the appropriate designation:

"CONFIDENTIAL"

Documents and things designated as ATTORNEYS' EYES ONLY shall be marked on each page or discrete part with a legend substantially as follows:

"ATTORNEYS' EYES ONLY"

4. All documents and things produced by Lowe's will be treated as "ATTORNEYS' EYES ONLY" for a period of ten (10) business days from the receipt of the production by all Parties. At any time on or before the tenth business day from receipt of the production, any Party to this litigation may specifically designate as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" the materials produced by Lowe's that are not already designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." A Party who designates Lowe's materials must promptly notify in writing all other Parties to the litigation and Lowe's and must include a copy of the materials, properly marked with such notification. The remaining provisions of this Protective Order and the Protective Order entered in the Northern District of Georgia shall apply. Any materials produced by Lowe's that have not been specifically designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by Lowe's or by a Party within the ten-day period will lose their temporary status of "ATTORNEYS' EYES ONLY" and will have no designation.

5. Making documents and things available for inspection shall not constitute a waiver by Lowe's of any claim of confidentiality. Upon notice that CONFIDENTIAL or ATTORNEYS' EYES ONLY materials were inadvertently or mistakenly produced without the appropriate designation, and upon receipt of properly marked documents, Optimum shall return said unmarked documents and things and not retain copies, summaries or notes thereof and shall treat information contained in said documents and any summaries or notes thereof as CONFIDENTIAL or ATTORNEYS' EYES ONLY materials.

6. Material designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be used only for the purpose of the prosecution, defense, or settlement of this action and for no other purpose. Counsel shall not disclose the contents of, or information contained in, any materials designated ATTORNEYS' EYES ONLY.

7. Information designated as CONFIDENTIAL shall be made available only to and inspected only by (a) the principal(s) of parties hereto; (b) outside counsel of record (including stenographic, clerical and paralegal employees of outside counsel) and outside companies engaged by them such as independent copying services and temporary services; (c) outside experts or consultants; (d) the Court and its personnel; (e) Court Reporters used during the course of this litigation and their staff; and (f) individuals identified by the CONFIDENTIAL materials as having received said materials. Each such person listed in (a) and (c) above must execute an undertaking of the form attached

- 3 -

as Exhibit A before being given access to material designated as CONFIDENTIAL.

8.  Non-party witnesses whose factual knowledge is being or will be used by a party in connection with preparing for depositions or for trial of this action, including any motions in this action, may have access to CONFIDENTIAL materials provided that the disclosure of such CONFIDENTIAL materials to such non-party witnesses shall be made only on condition that each such non-party witness first sign a Nondisclosure Agreement in the form of Exhibit A attached hereto. Prior to, or contemporaneously with, the disclosure of any CONFIDENTIAL materials to any such non-party witness, a copy of each signed Nondisclosure Agreement shall be provided to counsel for the other parties and counsel for Lowe's. Nothing in this paragraph is intended, nor shall it be construed, to prevent any party from disclosing to a non-party witness, and questioning a non-party witness regarding, CONFIDENTIAL materials during a deposition, hearing, or trial in this matter, provided that such non-party witness signs a Nondisclosure Agreement in the form of Exhibit A attached hereto prior to any disclosure to that non-party witness.

9.  Copies of CONFIDENTIAL materials bearing the designation specified in paragraph 2, and their contents, shall not be disclosed or made public by counsel or authorized personnel to whom they are disclosed, unless they become part of the public record of this action other than through conduct in breach of this Protective Order, and shall not be disclosed to anyone other than this Court and other persons entitled to access to CONFIDENTIAL materials under this Protective Order. Unless otherwise agreed to by the parties, CONFIDENTIAL or ATTORNEYS' EYES ONLY materials shall not be used by the receiving party for any purpose other than for use in this action. Nothing in

this Protective Order shall prohibit the confidential disclosure of any CONFIDENTIAL materials to comply with an order of a Georgia court or United States court in an action involving substantially similar subject matter as the present action wherein the order specifically directs the disclosure of such CONFIDENTIAL materials. Prior to any such disclosure pursuant to a court order, the party required by the court order to disclose the CONFIDENTIAL materials will provide ten (10) days notice to the party who produced the CONFIDENTIAL materials, or as much notice as possible pursuant to the court order, and will identify and provide copies of the CONFIDENTIAL materials to the party who produced such materials.

10. Nothing in this Protective Order shall require disclosure of material which is protected from disclosure by the attorney-client privilege or the attorney work-product immunity. The parties are expected, however, to act consistent with the Federal Rules of Civil Procedure. This Protective Order shall not preclude any party from moving the Court for an order directing the disclosure of such material. The parties agree that the inadvertent disclosure of documents protected by the attorney-client privilege or work product immunity shall not act as a waiver of such protection or immunity. Upon request of the producing party, the receiving party or parties shall promptly return any and all such documents inadvertently produced and shall immediately destroy all copies and summaries thereof, and further agree not to use any information contained in said documents for any purposes.

11. CONFIDENTIAL materials may be used in motion papers, in testimony at trial, or at any motion hearing, and may be offered in evidence at trial or at any motion hearing, and may be used to prepare for discovery or to conduct discovery, including

depositions and including the disclosure of a document to a witness at a deposition or at trial who is an author or copy recipient of such document containing CONFIDENTIAL materials, or who is an employee or representative of the party providing the CONFIDENTIAL materials but is not otherwise authorized to receive such disclosure under this agreement, to prepare for trial, and to support or oppose any motion, all subject to the provisions of this Protective Order. Any pleading, brief, or memorandum attaching documents marked as CONFIDENTIAL or ATTORNEYS EYES ONLY, or reproducing any portion of a document marked as CONFIDENTIAL or ATTORNEYS EYES ONLY, shall be lodged with the Court under seal.

12. The acceptance by a party of documents marked as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not constitute an admission or concession or permit an inference that such are, in fact, confidential. A party objecting to the designation of documents or material as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall provide twenty (20) days written notice of the objection to the conveying party by first class mail. The notice shall state with specificity the documents or materials objected to. If the dispute cannot be resolved, the party challenging the designation may seek appropriate relief from the Court. The moving party shall have the burden of demonstrating the need for changing such designation and that the material does not qualify for its particular designation. The filing of such a motion will result in the documents or materials specified in the notice being maintained as originally designated pursuant to the provisions of this Protective Order pending determination of the matter by the Court or resolution of the matter by the parties.

13. This Protective Order shall not prevent any party or non-party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing between themselves to modification of this Protective Order, subject to the approval of the Court. The Protective Order shall not preclude the parties from enforcing their rights against any other party or any non-party believed to be violating their rights.

14. Restrictions and obligations set forth herein relating to material designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not apply to any information which (i) is already public knowledge, (ii) becomes public knowledge other than as a result of disclosure by the parties producing and receiving the confidential materials, (iii) was already known to Optimum under conditions such that its use and/or public disclosure by Optimum would not violate some obligation to another, which knowledge is established by pre-production documentation, or (iv) has come or shall come into the receiving party's legitimate possession independently of the producing party under conditions such that its use and/or public disclosure by Optimum would not violate some obligation to another. The restrictions and obligations set forth herein shall not prohibit discussions regarding any CONFIDENTIAL or ATTORNEYS' EYES ONLY materials with any person who already has legitimate possession thereof.

15. Any document designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be treated as such unless the confidentiality designation is removed in accordance with the other provisions of this Protective Order or by further order of this court.

CLT01/4685871v4

16. In the event that the parties desire to provide access to or disseminate CONFIDENTIAL or ATTORNEYS' EYES ONLY materials to any person not otherwise entitled to access under this Protective Order, the parties may agree to allow such access or any party may move the Court for an Order that such person be given access thereto. In the event that an agreement is reached or the motion is granted, such person may have access to CONFIDENTIAL or ATTORNEYS' EYES ONLY after first signing a Nondisclosure Agreement in the form of Exhibit A attached hereto, a copy of which shall be forwarded promptly thereafter to opposing counsel.

17. After final termination of this action, each receiving party shall either return all CONFIDENTIAL or ATTORNEYS' EYES ONLY materials of the conveying party in its possession, custody or control, and all copies, portions, words, substances, summaries, abstracts or indices thereof (except to the extent that any of the foregoing includes or reflects receiving counsel's work product), to counsel for the conveying party or shall certify under oath the destruction thereof, except that outside counsel for each party, and only said outside counsel, may, if they so elect, retain one copy of each deposition or trial transcript, one copy of each deposition or trial exhibit and one copy of each item containing information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY filed with the Court pursuant to this Protective Order.

18. This Protective Order shall survive the final termination of this action with respect to any retained CONFIDENTIAL or ATTORNEYS' EYES ONLY. PROTECTIVE ORDERS: The ultimate disposition of protected materials shall be subject to a final order of the Court on the completion of litigation.

CLT01/4685871v4

It is so ordered this 15th day of June, 2005.

_Carl Horn, III_
Magistrate ~~District~~ Judge

CLT01/4685871v4

Exhibit A

## NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear that I have read and am fully familiar with the terms of the Protective Order with Non-Party Lowe's Companies, Inc. for Protection of Confidential Information Subpoenaed by Plaintiff in *Optimum Technologies Inc. v. Henkel Consumer Adhesives, Inc. and Henkel Corporation*, Civil Action No. 1:04-CV-1082-TWT, pending in the United States District Court for the Northern District of Georgia, and hereby agree to fully comply with and be bound by the terms and conditions of said Order. I also agree to submit to the personal jurisdiction of the District Court for the Western District of North Carolina for the resolution of any disputes involving said Order.

_____

STATE OF _____,

COUNTY OF _____.

SWORN TO and subscribed before me,
this ____ day of _____, 2005.

(SEAL) _____
                Notary Public

My Commission Expires: _____